IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SEAN C. SANFORD,                                              Civ. No. 1:24-cv-01671-AA

                    Plaintiff,                        **OPINION & ORDER**
          v.

KILE CLARK ELDER,

                    Defendant.

---

AIKEN, District Judge.

      *Pro Se* Plaintiff Sean C. Sanford seeks leave to proceed *in forma pauperis* ("IFP") in this action.  For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED but Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend but without service on Defendant.

**LEGAL STANDARD**

      Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee.  28 U.S.C. § 1914(a).  However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access.  To authorize a litigant to proceed IFP, a court must make two determinations.  First, a court must determine whether the litigant is unable to pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  Second, it must assess

Page 1 –OPINION & ORDER

whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied by Plaintiff's showing and so Plaintiff's IFP Petition is GRANTED.

## I.    Plaintiff's Claims

With regard to the substance of the Complaint, Plaintiff asserts that the basis for jurisdiction is a federal question under 18 U.S.C. §§ 35, 242, 1038, 3283. Compl. at 3, ECF No. 1. Plaintiff claims that the nature of his suit arises under the False Claims Act; a question of constitutionality of state statutes; and other civil rights. *Id.* at 8. Plaintiff states that in July 2023, Defendant "Kyle Clark Elder created, printed, laminated, and distributed an illicit, and unauthorized [poster] about Plaintiff. *Id.* at 4. The poster is attached to Plaintiff's Complaint, and indeed is alarming. It states, "wanted-dead or alive" and features a photo that arguably depicts Plaintiff, claiming that Plaintiff is engaged in sexual crimes against minors. ECF No. 1-1.

## II.    Pleadings

On the alleged facts, the Court is unable to make out a claim. It appears to the Court that Plaintiff is asserting that Defendant has made false claims about him and that this wronged Plaintiff. But the statutes Plaintiff cites to under Title 18 are criminal statutes. Criminal statutes are not enforceable by private parties in a civil

action.   Courts have held that private parties generally do not have standing to compel the prosecution of another person.   *See Tia v. Criminal Investigation Demanded as Set Forth*, 441 Fed. App'x 457, 458 (9th Cir. 2011) (holding that a private citizen "lacks standing to compel an investigation or prosecution of another person."). If Plaintiff intends to compel an investigation or prosecution, he lacks standing.

Further, in Plaintiff's pleadings, the Court cannot not find a state statute, the constitutionality of which is at issue.  Plaintiff has also not pled a claim under the False Claims Act, 31 U.S.C. § 3729, which imposes penalties on people who knowingly defraud the federal government by submitting a false claim for payment.  The Court can also not discern a civil right at issue.  The Complaint falls below the federal pleading standards and will be dismissed for failure to state a claim.

## III.   Jurisdiction

Plaintiff states that Defendant is from Oregon.  Given that both Plaintiff and Defendant are allegedly citizens of the same state, Diversity Jurisdiction does not apply.  28 U.S.C. § 1332.  Plaintiff alleges that the Court has federal jurisdiction based on the presence of a federal question of law in his case.  Compl. at 3.

Federal courts may exercise federal-question jurisdiction over an action in two situations.  First, and most commonly, a federal court may exercise federal-question jurisdiction if a federal right or immunity is "an element, and an essential one, of the plaintiff's cause of action.'" *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 11 (1983).   Second, a federal court may have federal question

jurisdiction if a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005). Such a federal issue must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313.

The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009) (quotations omitted).

For the reasons explained above in Section II, Plaintiff has not pointed to a federal statute or law that applies in this case and the Court cannot discern a question of federal law to resolve.

## IV.    Leave to Amend

As Plaintiff is *pro se*, dismissal shall be with leave to amend and Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint. In drafting the amended complaint, Plaintiff should bear in mind that the Court does not know anything about his situation other than what he includes in his amended pleading.    Plaintiff should briefly and clearly explain who the defendants are, including an address at which the defendant can be served.    In addition, as Plaintiff is bringing his claims based on federal question jurisdiction, he should endeavor to

identify a federal law or right that serves as the basis for his claim. In doing so, Plaintiff is cautioned that most federal criminal statutes do not provide a private right of action that would allow him to sue for a violation of the criminal statute.

## V.    State Law Claims

It appears to the Court that Plaintiff seeks to hold Defendant liable for printing "false claims" about him. See Compl. at 3, 8. That allegation is compatible with a claim for defamation, which is a state law claim best pursued in the state court in the county where Plaintiff lives or where the allegedly defamatory poster was circulated.

"To establish a claim for defamation, a plaintiff must show that a defendant made a defamatory statement about the plaintiff and published the statement to a third party." *Wallulis v. Dymowski*, 323 Or. 337, 342-43 (1996)). A defamatory statement is one that would subject the plaintiff to hatred, contempt or ridicule or tend to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held or to excite adverse, derogatory or unpleasant feelings or opinions against him. *Farnsworth v. Hyde*, 266 Or. 236, 238 (1973)).

"To be actionable, a communication must be both false and defamatory." *Reesman v. Highfill*, 327 Or. 597, 603-04 (1998). "A communication can be defamatory on its face[,]" but "[e]ven a communication that is not defamatory on its face may be defamatory if a reasonable person could draw a defamatory inference from the communication." *Id.* at 604

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is GRANTED and the Complaint, ECF No. 1, is DISMISSED without service on Defendant. Dismissal is with leave to amend and Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ____30th____ day of January 2025.


/s/Ann Aiken
ANN AIKEN
United States District Judge